JOSEPH A. FORTINI *v.* NEW ENGLAND
LOG HOMES, INC., ET AL.
(2958)

DUPONT, C.P.J., BORDEN and STOUGHTON, Js.

Argued March 8—decision released May 21, 1985

*Jonathan J. Einhorn,* for the appellant (plaintiff).

*Anthony P. DeLio,* for the appellees (defendants).

STOUGHTON, J. The plaintiff, Joseph A. Fortini, brought this action in three counts against a corporation by which he had formerly been employed and against its president. He alleged that he had organized a new business, Country Log Homes, Inc., (Country Log) and that the defendants had brought suit against, inter alia, Country Log and him in the United States District Court. In the first count, he alleged that the allegations of the defendants' lawsuit were false, made knowingly and recklessly, and caused him economic injury. In the second count, the plaintiff alleged interference with contractual relationships and expectancies, economic relations and expectancies, and business relations and expectancies. The third count alleged unfair competition and unfair trade practices in contravention of General Statutes §§ 42-110a through 42-110q.

The defendants moved to strike the complaint upon two grounds. The first ground was that the plaintiff's claim was in reality a claim that the federal lawsuit was a vexatious suit, that the plaintiff had not alleged a successful termination of that lawsuit and that he had, thus, failed to state a cause of action. The second ground was that the harm alleged by the plaintiff was harm of a business or commercial nature to Country

Log, not harm to the plaintiff. The defendants claimed that Country Log was an indispensable party in a suit by a stockholder but had not been joined as a party. The defendants further claimed that the plaintiff had no standing to bring the action for Country Log and had not made out a cause of action for harm to himself personally.

The court granted the motion to strike upon the ground that the plaintiff had failed to set out a legally sufficient individual or derivative cause of action, having failed to allege either a loss separate and distinct from that of the corporation or that the corporation "will not or cannot sue" for its own protection. The plaintiff thereafter pleaded over, simply adding the following paragraph to his complaint: "9. The plaintiff has sustained a loss separate and distinct from that of the corporation Country Log Homes, which corporation has not instituted similar action to protect and vindicate this plaintiff." The defendants moved to strike the substituted complaint upon the ground that the added paragraph merely stated a conclusion. No additional facts having been alleged, the court granted the motion. After the plaintiff failed to plead over, the court rendered judgment for the defendants. The plaintiff has appealed from that judgment.

Where an appeal is taken from a judgment following the granting of a motion to strike, we take the facts to be those as alleged in the substituted complaint, construed in a manner most favorable to the pleader. For purposes of appeal, all well pleaded facts and those facts necessarily implied and fairly provable from the allegations are taken as admitted. *Amodio* v. *Cunningham,* 182 Conn. 80, 82–83, 438 A.2d 6 (1980). A motion to strike does not admit legal conclusions. *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365, 446 A.2d 3 (1982). Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion

to strike. The trial court may not seek beyond the complaint for facts not alleged, or necessarily implied, and this court will not. *Cavallo* v. *Derby Savings Bank,* 188 Conn. 281, 285–86, 449 A.2d 986 (1982).

The plaintiff specifically alleged in the first count of his complaint that between 1975 and 1977 he was employed as plant manager by the defendant New England Log Homes, Inc. (New England Log), and that on or about December 17, 1977, he was terminated from its employ. On or about June 1, 1978, he organized Country Log, of which he is a stockholder and officer. The new corporation is engaged in manufacturing and building log homes. He is one of several stockholders and officers of it. Prior to the present action, New England Log, by its president, instituted its federal civil action which is still pending. That lawsuit seeks damages from the plaintiff for misappropriation and use of the trade secrets of New England Log, patent infringement and unfair competition. The allegations in the complaint filed in that lawsuit were also made to employees and customers and potential customers of Fortini and were fraudulent, false, made knowingly or recklessly with intent to cause economic injury to him.

"[I]t is axiomatic that a claim of injury, the basis of which is a wrong to the corporation, must be brought in a derivative suit, with the plaintiff proceeding 'secondarily,' deriving his rights from the corporation which is alleged to have been wronged." *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 281, 422 A.2d 311 (1979). Apparently recognizing this, the plaintiff has not briefed his claim stated in the first count and that claim is therefore deemed to be abandoned. *Jones* v. *Civil Service Commission,* 175 Conn. 504, 505, 400 A.2d 721 (1978).

As to his claim in the second count, which he characterizes as a claim of tortious interference with his business contracts and expectations, the plaintiff appears to concede that he has not alleged facts which would support such a claim. He argues that he was stymied by the defendants' refusal to allow its witnesses to attend depositions and by their immediate motion to strike. He avers that he refused to sign a noncompetition agreement with the defendant corporation, that the defendants alleged patent infringement in their federal lawsuit against his new company, and that in consequence that company terminated his employment. None of these allegations appears in the complaint or are fairly implied therefrom. In fact, the plaintiff alleges that he is a shareholder and an officer of Country Log. He complains that the defendants did not move for a more definite statement, but instead moved to strike the complaint.

It is up to the plaintiff to plead a cause of action. As the Supreme Court has said in another context, the appeal process should not be utilized to seek to correct pleading deficiencies which the party complaining clearly could have remedied under our rules in the trial court. *Fuessenich* v. *DiNardo,* 195 Conn. 144, 149, 487 A.2d 514 (1985). The plaintiff failed to allege any interference by the defendants with his personal business contracts and expectations.

The plaintiff's claim in his third count is that the defendants, by their conduct, violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a through 42-110q. He points out that an action which might not rise to the level of tortious conduct might still be actionable under CUTPA, citing *Sportsmen's Boating Corporation* v. *Hensley,* 192 Conn. 747, 474 A.2d 780 (1984). While a private cause of action may be maintained under CUTPA, it must demonstrate some nexus with the public interest and not

involve a purely private dispute. *Ivey, Barnum & O'Mara* v. *Indian Harbor Properties, Inc.,* 190 Conn. 528, 537, 461 A.2d 1369 (1983). A claim under CUTPA must be cloaked with the necessary public interest. *Sportsmen's Boating Corporation* v. *Hensley,* supra, 756–57.[1] Even had the plaintiff alleged facts sufficient to support a cause of action, his action would have been a purely private one.

There is no error.

In this opinion the other judges concurred.

---

[1] We note that the public interest requirement of a private action under CUTPA has been eliminated. Public Acts 1984, No. 84-468, §§ 2, 4 (effective June 8, 1984); General Statutes (Rev. to 1985) §§ 42-110g, 42-110m. This change, which is not retroactive, does not affect this case.