[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the second count of its complaint, the plaintiff set forth facts sufficient to allege conversion by the moving defendant in violation of Connecticut General Statutes 429-3-419. As alleged:
 The named defendant, Dominic Polis, was controller/office manager at Westwood, but he had no signatory powers for any of Westwood's accounts.
 Nevertheless, from 1985-89, Polis received checks made payable to Westwood, on account for services rendered by Westwood to its customers.
 Polis improperly negotiated the Westwood checks for cash for his personal use, by handwritten endorsement of his signature at various CNB branch offices.
 The defendant, CNB, paid Polis the amount of the checks upon a forged endorsement in violation of Connecticut General Statutes 429-3-419.
In the third count, the plaintiff incorporated the above and alleged that the foregoing constituted a violation of Connecticut General Statutes 42-110.
The defendant, CNB, has moved to strike this third count and claimed that the plaintiff has failed to allege facts sufficient to support a CUTPA claim. As the defendant has well CT Page 4247 articulated in its memorandum in Support of its Motion to Strike :
 "The purpose of a Motion to Strike is to `contest . . . the legal sufficiency of the allegations of any Complaint . . . to state a claim upon which relief can be Granted.' Practice Book 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108. In ruling on a Motion to Strike, the court is limited to the facts alleged in the complaint." King v. Board of Education, 195 Conn. 90, 93. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
See also, Fortini v. New England Log Homes, 4 Conn. App. 132,135 (1985)
The facts alleged herein are not sufficient, if proven, to substantiate a CUTPA claim. Rather there is nothing beyond the allegation of conversion. In fact, Connecticut General Statutes42a-3-419 (3) notes the limitation on liability for conversion by a collecting or depository bank, "who has (acted) in good faith and in accordance with the reasonable commercial standards . . .". If the plaintiff is relying on this subsection, then a CUTPA claim could be viewed (at the very least) as an inconsistent allegation.
Therefore, the plaintiff needs to set forth facts to demonstrate an actual deceptive practice; (See, e.g., Sprayfoam, Inc. v. Durant's Rental Centers, Inc., 39 Conn. Sup. 73 (1983)) or a violation of public policy (See, e.g., Sportmen's Boating Corp. v. Hensley, 192 Conn. 747 (1984). The factual allegations must be such as to justify the relief sought should they be proved at trial. Scheff v. O'Neill, 1 Conn. L. Rptr. 640, 641-2 (1990). They are deficient and so the motion to strike Count 3 is granted.
With regard to the second reason upon which the plaintiff has moved to strike, this court is guided by the well reasoned opinion in Economic Development Assoc., Et Al v. Cititrust, 17 C.L.T. 16 (April 22, 1991) (Dranginis, J.) See also, Andrus v. North American Bank, 17 C.L.T. 19, p. 27 (May 12, 1991) (Fuller, J.). In the absence of specific reference by the defendant to those portions of the Truth in Lending and Fair Credit Billing Acts, the Equal Opportunity Act and the Federal Reserve Board regulation, which provide the requisite pervasive regulations, the defendant has failed to come within the purview of Connolly v. Housing Authority, 213 Conn. 354 (1990) and Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172 (1986). Therefore, the plaintiff may replead Count 3, provided sufficient facts are CT Page 4248 alleged in accordance with the first part of this opinion.
KATZ, J.