[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE SECOND COUNT
The plaintiff, Clarence Henderson, alleges the following facts in his second revised complaint against the defendant, Aetna Casualty Surety Company. On April 22, 1988, the plaintiff's wife was involved in an automobile accident while driving the plaintiff's car. At the time of the accident the plaintiff held an insurance policy, issued to him by the defendant, which named the plaintiff and his wife as named insureds and covered the plaintiff's automobile. As a result of the accident, the plaintiff's wife filed a claim for damage to the automobile pursuant to the insurance policy. The defendant refused to honor the claim, and the plaintiff has filed a two count complaint alleging breach of contract and violation of the Connecticut Unfair Trade Practices Act, General Statutes42-110a et seq. Before the court is the defendant's motion to strike the second count.
A motion to strike tests the legal sufficiency of the pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England Log Homes, Inc., 4 Conn. App. 132, 134-35,492 A.2d 545, cert. dismissed 197 Conn. 801, 495 A.2d 280
(1985).
The second count alleges that "the refusal and failure of the defendant to honor the plaintiff's claim for physical damage to his auto . . . is unfair, unscrupulous, and oppressive in violation of the Connecticut Unfair Trade Practices Act . . . ." (CUTPA) The plaintiff also alleges four ways in which the defendant's refusal violates CUTPA citing in particular the defendant's alleged bad faith and deception in failing to honor the claim. The motion to strike is based on the claim that the plaintiff has failed to state more than a single act of wrongdoing.
In order to establish a valid CUTPA claim based on alleged unfair insurance settlement practices, one must allege unacceptable insurer conduct as defined in Connecticut General Statutes 38a-816 (6), formerly Connecticut General Statutes 38-61. The statute requires that for described conduct to constitute an unfair claim settlement practice it must be committed or performed "with such frequency as to indicate a general business practice. . . ."
 "In Griswold, we held that a litigant complaining of unfair insurance practices was entitled to maintain a private right of action under CUTPA `for alleged unfair trade practices, as defined by 38-61.' Griswold v. Union Labor Life Ins. Co., supra, 520. CT Page 10689 The definition of unacceptable insurer conduct in 38-61 reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention. Under CUTPA, as under CUIPA, a litigant is bound by this legislative determination." Mead v. Burns, 199 Conn. 651, 665-666.
To the same effect see Bueneventura v. Savings Bank Life Insurance Co., 2 Conn. L. Rptr 747 (October 12, 1990, Heiman, J.).
In this case the plaintiff has alleged only one alleged unfair insurance practice in support of his claim of a CUTPA violation. Accordingly, for the reasons stated above, the motion to strike the second count of the second revised complaint is granted.
WILLIAM L. HADDEN, JR., JUDGE