[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTERCLAIM #167
The following facts are alleged in defendant Robert J. Kopp's counterclaim, #163. On December 19, 1986, defendant Robert J. Kopp ("KOPP") purchased from plaintiff TIE/Communications, Inc. ("TIE") 100% of the stock of Harmer Simmons Power Supplies, Inc., thereafter known as Integrated Power Technologies, Inc. ("IPT"). Kopp alleges that certain representations made by TIE about IPT were false and fraudulent. In the first count of his counterclaim, Kopp further alleges that TIE's fraudulent misrepresentations caused monetary loss to him and loss of profits from two corporations solely owned by him, Telephone Utilities Communications Industries, Inc. ("TUC Industries") and TUC Services Co. ("TUC Services"), as well as damage to Kopp's reputation. In the second count of his counterclaim, Kopp alleges that TIE's fraudulent misrepresentations constitute a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes Secs, 42-110a through 42-110q.
TIE now moves to strike the counterclaim.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and CT Page 7803 construe them in the light most favorable to sustaining the sufficiency of the [pleading]. Michaud v. Wawruck, 209 Conn. 407,408, 551 A.2d 738 (1988)." Bouchard v. People's Bank,219 Conn. 464, 467, 594 A.2d 1 (1991). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Ferryman v. Groton, supra, 142 (citations omitted).
I. Improperly Joined Counterclaim Pursuant to Practice Book Sec. 116
TIE moves to strike the counterclaim on the ground that it violated Practice Book Sec. 116 because the counterclaim does not arise out of any of the transactions which are the subject of the complaint.
TIE made the same argument when it moved to strike IPT's counterclaim. The court, Meadow, J., denied that motion and held that although a motion to strike may be used to contest "the joining of two or more causes of action which cannot be properly united in the same complaint," the proper way to raise the issue of whether a counterclaim arises out of one of the transactions alleged in the compliant is to file a request to revise claiming the deletion of the counterclaim as an "improper allegation." (Memorandum of Decision, #138, pp. 2-4, quoting Practice Book Sec. 152(4) and 1 Stephenson, Connecticut Civil Procedure Sec. 131(c) (A. Covello, J.2d Ed. Supp. 1982).) The court further held that the plaintiff had waived its right to file a request to revise by filing a motion to strike. Conn. Practice Book Sec. 113. (Memorandum of Decision, #138, p. 4.) Accordingly TIE's motion to strike Kopp's counterclaim is improper.
Furthermore, one of the notes on which TIE is seeking to collect in its action against Kopp was executed on December 19, 1986. (Complaint, #101, p. 4; Memorandum in Support of Motion to Strike, #168, p. 1.) The fact that the promissory note was executed on the same day as the stock transfer is indicative, reading the counterclaim in the light most favorable to sustaining its sufficiency, that the note and the stock transfer were part of the same transaction. Accordingly, assuming arguendo that a motion to strike is the proper procedural vehicle to raise the issue, the counterclaim meets the transactional test of Practice Book Sec. 116.
II. Lack of Standing
TIE argues that the court should strike Kopp's CT Page 7804 counterclaim because Kopp lacks standing to raise claims regarding injuries which occurred to corporate entities solely owned by Kopp.
 "[I]t is axiomatic that a claim of injury, the basis of which is a wrong to the corporation, must be brought in a derivative suit, with the plaintiff proceeding `secondarily' deriving his rights from the corporation which is alleged to have been wronged." Yanow v. Teal Industries, Inc., 178 Conn. 262, 281, 422 A.2d 311
(1979).
Fortini v. New England Log Homes, Inc., 4 Conn. App. 132,135, 492 A.2d 545, cert. dismissed, 197 Conn. 801,495 A.2d 280 (1985).
Kopp's counterclaim alleges that he, not his corporations, was induced to buy the stock of IPT from TIE because of fraudulent misrepresentations made by TIE. Such an action is properly brought in the name of the purchaser and not in the name of the corporation. See, Henry v. Kopf,104 Conn. 73, 131 A. 412 (1925); Connecticut Uniform Securities Act ("CUSA"), General Statutes Secs. 36-470 through 36-502;[1] 498(a); 12A Fletcher, Corporations (Rev. Perm. Ed. 1984) Secs. 5580, 5581, 5582, 5583, 5587, 5599, 5608.
III. Beyond the Scope of CUTPA
TIE argues that the court should strike the second count of Kopp's counterclaim because "CUTPA does not apply to deceptive practices in the purchase and sale of securities." Russell v. Dean Witter Reynolds, Inc.,200 Conn. 172, 180. A.2d (1986).
Superior Court decisions have held, however, that although CUTPA does not apply to the sale of securities pursuant to the holding of the Russell court, the reasoning of Russell does not apply to a cause of action which alleges unfair trade practices in connection with the sale of an interest in a business where the transfer of stock is simply the means utilized to effectuate the sale. Barraco v. Ethan Allan, Inc., 6 Conn. L. Rptr. 176, 176-77 (February 6, 1992, Leheny, J.);[2] Capuano v. Frasca,4 CSCR 568, 568-69 (June 19, 1989, Thompson, J.).
The allegations of the counterclaim, construed in the light most favorable to sustaining its sufficiency, indicate that Kopp bought the business of IPT and that the CT Page 7805 sale of IPT stock was merely the means utilized to effectuate the sale.[3] Accordingly, a violation of CUTPA is properly alleged.
Accordingly, the motion to strike is denied.
HIGGINS, J.