[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, Debra Hummel, against the defendants, General Motors Acceptance Corporation (GMAC) and the Federal Home Life Insurance Company (FHLIC). Hummel alleges that in order to purchase a Chevrolet, Hummel entered into an installment contract with GMAC and purchased a disability insurance policy from FHLIC. Under the policy, FHLIC agreed to make Hummel's installment payments to GMAC in the event that Hummel became disabled. In 1990, Hummel claims she became disabled, and four months later, FHLIC began to make the payments to GMAC as required by the contract. She alleges GMAC repossessed her car because of the delay.
GMAC has admitted to repossessing and auctioning off Hummel's car. GMAC also filed a cross-complaint seeking indemnity against FHLIC, claiming that if GMAC is liable to Hummel, it is the result of FHLIC's negligence in representing the status of the disability insurance policy. In its cross-claim, GMAC alleges that FHLIC was in exclusive control of information concerning the insurance contract between FHLIC and Hummel, and gave erroneous information to GMAC.
FHLIC has now filed a motion to strike GMAC's cross-claim on the ground that it is legally insufficient.
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25
(1992). "Its function . . . is to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 545, 427 A.2d 822 (1980). The motion admits all legal facts but not conclusions of law. Verdon v. TransamericaIns. Co., 187 Conn. 363, 365, 446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 135, 492 A.2d 545
(1985).
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v.Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988).
Where a claim for indemnification is grounded in tort, reimbursement is warranted upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. Burkert v. Petrol Plus ofNaugatuck, Inc., supra, 216 Conn. 74. A plaintiff must plead the following elements in order to successfully plead such indemnification: (1) the other tortfeasor was negligent; (2) CT Page 10321 the other tortfeasor's negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) the other tortfeasor was in control of the situation to the exclusion of the plaintiff; and (4) the plaintiff did not know of the other tortfeasor's negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. Id. A recent appellate court decision,Atkinson v. Berloni, 23 Conn. App. 325, 580 A.2d 84 (1990), required a fifth element to be alleged: "that the alleged indemnitor owed that party a duty based on an independent legal relationship. " Id., 328.
FHLIC argues that the revised cross-claim is insufficient because GMAC fails to allege facts that would establish FHLIC's exclusive control over the situation that caused harm to the plaintiff. FHLIC argues that GMAC claims that FHLIC had exclusive control over the information, not exclusive control over the situation. Additionally, FHLIC notes that GMAC's allegation that it repossessed Hummel's car makes it "legally and factually impossible for GMAC to claim [FHLIC] had `exclusive control' over the situation that caused the plaintiff's alleged harm." FHLIC also argues that GMAC has failed to allege an independent legal relationship between the two parties.
The court holds GMAC has sufficiently alleged that FHLIC was in exclusive control of the situation in which Hummel's car was repossessed. GMAC alleges that FHLIC was in "exclusive control of information concerning whether Plaintiff's account was covered under an insurance claim filed with [FHLIC] and would be paid by [FHLIC]." GMAC also alleges when it repossessed Humel's [Hummel's] automobile, it relied on FHLIC's representations that Hummel's account was closed and no money would be paid by FHLIC for her.
"Generally, the determination of whether an act is negligent is a matter for the jury, . . . as is the question of exclusive control. . . . A party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tortfeasor is ordinarily one for the trier of fact." Weintraub v. Richard Dahn, Inc.,188 Conn. 570, 573-74, 452 A.2d 117 (1982). GMAC alleges that it relied solely on information supplied by FHLIC, and that it would not have acted had FHLIC not told GMAC that Hummel was not CT Page 10322 covered under her disability insurance policy. Considering the allegations in the most favorable light to the plaintiff, as this court must, Novametrix Medical Systems v. BOC Group, Inc.,
supra, 224 Conn. 216, GMAC has alleged sufficient facts to show that FHLIC was in the exclusive control of the situation.
GMAC has also properly alleged that an independent legal relationship exists between GMAC and FHLIC. In its cross-claim, GMAC alleges that "[a]n independent legal relationship existed between GMAC and [FHLIC] by virtue of the fact that GMAC was a beneficiary under the Disability Policy." GMAC has alleged that the purpose of the disability insurance was to ensure that FHLIC would make installment payments to GMAC in the event Hummel was injured, and that GMAC was a beneficiary under the disability policy. These allegations establish an independent legal relationship existing between GMAC and FHLIC.
Accordingly, the motion to strike GMAC's cross-claim is denied.