[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
This is an appeal, taken from the Board of Tax Review from the City of Waterbury, (City) by the plaintiff, Sherwood Medical Ind., (Sherwood) consisting of two counts. The second count is not the subject to the motion to strike.
In the first count, Sherwood alleges that on October 1, 1993, it owned property located at 211 Brookside Road in Waterbury and that the Tax Assessor of the City valued that property at one million, seven hundred thousand dollars. Sherwood claims the valuation of the property was grossly excessive, disproportionate, and unlawful and should be reassessed at a lower evaluation.
The defendant has filed a motion to strike the first count of Sherwood's complaint on the ground that it fails to state a claim upon which relief can be granted under Ralston Purina v.Board of Tax Review of the Town of Franklin, 203 Conn. 425,525 A.2d 91 (1987).
A motion to strike tests the legal sufficiency of a pleading. Whalen v. Ives, 37 Conn. App. 7, ___ A.2d ___ (1995). CT Page 11722 "In reviewing the granting of a motion to strike, we construe the facts alleged in the complaint in a light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 650 A.2d 153 (1994). The motion admits all legal facts but not conclusions of law. Verdon v. Transamerica Ins.Co., 187 Conn. 363, 365, 446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England LogHomes, Inc., 4 Conn. App. 132, 135, 492 A.2d 545 (1985).
The defendant argues that based on Ralston Purina v. Boardof Tax Review of the Town of Franklin, supra, the plaintiff has failed to state a claim upon which relief may be granted. The defendant argues that Ralston Purina stands for the proposition that taxpayers are not entitled to an interim reduction in their tax assessment, and that "the statutory revaluation is the exclusive remedy provided by the legislature for changes in value based on market conditions." The defendant argues that Sherwood is seeking an interim revaluation of its property, and this remedy may not be granted by the court.
In response, the plaintiff points out correctly that it has not alleged the assessment was the result of a prior city-wide revaluation. The plaintiff argues that a tax appeal can be taken from any grand list year, irrespective of whether a city-wide revaluation has occurred or not.
In Ralston Purina, supra, the plaintiffs appealed the defendant board of tax review's refusal to reduce the assessed valuation of certain of the plaintiffs' real and personal property. The plaintiffs claimed that the fair market value of their property had declined substantially since the last decennial revaluation conducted by the town. The trial court sustained the appeals, and, from the judgments against it, the town appealed. The Supreme Court held that the trial court erred in ruling that the defendant was required to adjust the plaintiffs' tax assessment in the interim period between decennial revaluations of real property.
In Ralston Purina, the court held that the decennial revaluation mandated by General Statutes § 12-62 is the exclusive remedy provided by the legislature for variations in the effect of market conditions on different parcels. RalstonCT Page 11723Purina v. Board of Tax Review of the Town of Franklin, supra,203 Conn. 435. The court also noted that exceptions to that rule exist, finding that "under certain circumstances, such as the destruction or expansion of property, a substantial change in its use or zoning classification, or a decision by the taxpayer to go out of business, [the municipality] would be required to conduct an interim revaluation of property . . . ." Id., p. 435-36.
Viewing the facts in the most favorite light to the plaintiff, as this court must, Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 682
(1992), the plaintiff has stated a sufficient claim in the first count upon which relief may be granted. The plaintiff alleges simply that on October 1, 1993, the City of the defendant assessed the property at a value of one million, seven hundred thousand dollars. The plaintiff has also alleged the valuation made on that assessment date was "grossly excessive, disproportionate and unlawful."
The count does not allege that the assessment was made during a prior city wide assessment. Ralston Purina has also recognized certain exceptions to the exclusive application of § 12-62. Although the plaintiff has not specifically alleged that its situation fits into one of the exceptions articulated in Ralston Purina, it has alleged that the assessment on his property is "grossly excessive".
"In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts not therein alleged.' . . . Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LiljedahlBros. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
Under these circumstances, the plaintiff has stated sufficient facts upon which the court may grant relief. Accordingly, the motion to strike as to the first count is denied.
McDONALD, J. CT Page 11724