[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiffs, the estate of Louis Cipriano, William Scherer, and Deanna Cipriano, against the defendant, Yankee Gas Services Company, for damages resulting from an accident occurring on July 4, 1994.
The complaint alleges the following. On July 4, 1994, Louis Cipriano, Deanna Cipriano, William Scherer, and Kimberly Proulx were all passengers in a car owned by and driven by Thomas Scherer. On that same day, the defendant was performing an excavation that extended into the street approximately nine feet. The plaintiffs allege that as a result of the defendant's negligence, Thomas Scherer lost control of the vehicle and caused Louis Cipriano to be ejected from the rear of the vehicle and suffer severe injuries, resulting in his death. The plaintiffs also allege that the injuries were caused by the CT Page 1319-MMMM defendant in that it failed to properly secure the area from vehicles travelling on Railroad Hill Street and failed to properly mark the area as a construction site. In the third count, Deanna Cipriano alleges that she, Louis Cipriano's sister, discovered Louis was ejected, attended to her injured brother, and suffered emotional distress as a result of her "direct sensory and contemporaneous observation of the harm and injury caused to Louis Cipriano."
The defendant has filed the motion to strike the Third Count. The defendant claims that the count should be stricken because Connecticut does not recognize a claim for bystander emotional distress.
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25
(1992). "Its function . . . is to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 545, 427 A.2d 822 (1980). The motion admits all legal facts but not conclusions of law. Verdon v. TransamericaIns. Co., 187 Conn. 363, 365, 446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 135, 492 A.2d 545
(1985), cert. dismissed, 197 Conn. 801 (1985).
The defendant argues that a claim of bystander emotional distress is not recognized in Connecticut. The defendant citesMaloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988) and also cites a number of Superior Court cases.
The plaintiff argues that there is a split of authority in the Superior Court, and contends that the trend of cases in the Superior Court is to recognize bystander emotional distress outside of medical malpractice.
"Bystander emotional distress" was first considered by the Supreme Court in Strazza v. McKittrick, 146 Conn. 714,156 A.2d 149 (1959). On the issue whether a mother could recover for the injuries she incurred arising from her fear for her son's safety, the court found that the mother could not recover "for injuries occasioned by fear of threatened harm or injury to the person or property of another. Such injuries are too remote in CT Page 1319-NNNN the chain of causation to permit recovery." Id. at 719.
In Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980), the court had addressed the issue of bystander emotional distress in the context of a medical malpractice action. In its analysis, the court examined the holding in the California case of Dillon v. Legg, 68 Cal. 2nd 728, 441 P.2d 912 (1968), the leading case allowing recovery for bystander emotional distress. Our court discussed the three elements required in Dillon for a claim of bystander emotional distress, (1) Whether the plaintiff was located near the scene of the accident as contrasted with one who is a distance away from it; (2) Whether the shock resulted from a direct emotional impact upon the plaintiff from sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; (3) Whether the plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. The Supreme Court in Amodio declined to recognize a cause of action for bystander emotional distress in a medical malpractice text. The court did state that "even were we inclined to adopt the approach taken in Dillon . . . the complaint in the present case would nonetheless fail to state a cognizable cause of action."Amodio v. Cunningham, supra, 182 Conn. 92. The complaint in Amodio failed to allege the plaintiff observed a negligent act contemporaneously causing injury to the third party.
In Thnig v. LaChusa, 771 P.2d 644 (1989), the California Supreme Court defined the Dillon rule to require the bystander to be present at the scene of the injury producing event at the time it occurs and be aware that it is causing injury to the victim.
The allegations of Count Three do not state the plaintiff observed the accident and its injury of Louis Cipriano. The Third Count rather alleges that the sister, Deanna, a passenger in the vehicle, "discovered" at the time of the accident that the brother had been ejected from the vehicle and observed him while he lay injured and bleeding heavily in the street.
Discover, in Webster, means to come to know something not previously known, either by purpose search or investigation or by accident. The word hardly applies to that direct and shocking observation required for the Dillon doctrine. As pointed out in Amodio in note 11 at page 93, alike limitations CT Page 1319-OOOO or restrictions have always been imposed on its application. Judge Corradino, although dismissing any fear of skies falling when Dillon is adopted in Connecticut, is careful to recognize such restrictions on its application. See Courchesne v. DickauBus Company, 11 Conn. L. Rptr. #15, 463.
Accordingly, the motion to strike Count Three is granted.
/s/ McDonald, J. McDONALD