[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: AMENDED MOTION TO STRIKE (1/29/96)
The plaintiff Karen J'Anthony alleges in her complaint that when she stepped onto a city sidewalk, the student she was CT Page 3025 assisting slipped on accumulated ice and snow and that she herself fell on the same ice and snow and was injured. She claims the defendant City was negligent in violation of the provisions of the defective highway statute, specifically General Statutes § 13a-149[1]. Thereafter, the defendant filed a two-count third party complaint against D L Transportation Inc. and Diane Finley, claiming indemnification against the school bus company, D L, and its driver Finley, alleging that the third party defendants were liable "for all or part of the Plaintiffs claim." The third party defendants filed a motion to strike the third party complaint on August 17, 1995, and filed an amended motion to strike on January 29, 1996. In that motion, the third party defendants argue that count one is insufficient on the ground that the defendant fails to allege that an independent legal relationship exists between the parties. They also contend that the second count is insufficient in that the third party plaintiff has not properly alleged the elements of common law indemnification.
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25
(1992). "Its function . . . is to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 545, 427 A.2d 822 (1980). "The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice." Cavallo v. Derby SavingsBank, 188 Conn. 281, 285, 449 A.2d 986 (1982). The motion admits all legal facts but not conclusions of law. Verdon v.Transamerica Ins. Co., 187 Conn. 363, 365, 446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 135, 492 A.2d 545
(1985), cert. dismissed, 197 Conn. 801 (1985).
The third party defendants argue that the first count of the third party complaint is insufficient since the written indemnity agreement provides that the bus company D L will indemnify the City for any negligence on the part of D L. Count one, paragraph 5 of the third party complaint reiterates the terms of the written agreement that the City is relying on, which clearly provides that the indemnification is for negligent acts of D L for which the City might be held liable. CT Page 3026
However, the first party plaintiff J'Anthony does not allege that the City is liable because of the negligence of D 
L; she alleges the City was solely liable because of the defective sidewalk. The indemnification clause of the contract between D L and the City provides indemnification to the City and its officers and employees by D L if any "act, action, neglect, omission or default on the part" of D L's officers and employees . . . unless the act of omission is due to the City's negligence. Because the City cannot be found liable in the first instance unless its negligence is proved to be thesole proximate cause of the plaintiff's injuries, a cause of action for indemnification cannot lie against the third party defendant. See Grenier v. Glastonbury, 118 Conn. 480 (1924);Roth v. MacDonald, 124 Conn. 461 (1938).
This contract of indemnification requires that D L be negligent for the City to enforce it. It is clear the written indemnification agreement that is relied on by the City does not provide indemnification by the third party defendant D L to the City for the City's alleged negligence.
The second count of the third party complaint is directed against the bus driver Finley on what seems to be a theory of common law indemnification. The Connecticut Supreme Court has held that a common law action for indemnification must allege four different elements. Burkert v. Petrol Plus of Naugatuck,Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990). The elements are "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 698, 535 A.2d 357 (1988).
In Atkinson v. Berloni, 23 Conn. App. 325, 580 A.2d 84
(1990), the Connecticut Appellate Court required a fifth element to be alleged in a claim for indemnification. The court found that "in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Id. at 328.
In the second count of the third party complaint, the third CT Page 3027 party plaintiff alleges that there was a contract between the City and D L to indemnify the City. The City also alleges that Finley was negligent. However, there is no allegation that the third party defendant was in control of the situation, that Finley's negligence was the direct cause of the accident, or that the City had no reason to anticipate the negligence. Therefore, the third party plaintiff has not sufficiently alleged a claim of common law indemnification. Because the third party plaintiff cannot make a claim for indemnification for liability under the defective highway statute, nor has it alleged sufficient facts to sustain a claim of common law indemnification, the court will grant the third party's Motion to Strike.
/s/ Pellegrino, J. PELLEGRINO