[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115)
This action is a landlord-tenant dispute over the terms of two individual leases on the premises located at the "Westwood Plaza" on Watertown Avenue in Waterbury. The plaintiff landlords Ronald Delaney III, Dorothy Delaney, and Ronald Delaney Sr.[1]
("Delaney"), allege that the defendant, George Warren ("Warren"), d/b/a "George Michael's and Company," the tenant of store #121 failed to pay the plaintiffs for the construction of an awning and signage, common area maintenance charges, and rent as required by the lease. Also, the plaintiffs allege that the defendant Warren d/b/a "For Women Only," the tenant of store #27, failed to make triple net rent charges and rent as required under the lease. In counts two and five of the complaint, the plaintiffs make claims pursuant to Connecticut General Statutes § 42-110b ("CUTPA") against both defendants. Counts two and five only allege "that as a result of the defendant's conduct, which constitutes an unfair trade practice, the plaintiffs have suffered damages." Thus, the defendant files this Motion to Strike (#115) counts two and five of the plaintiffs' amended complaint.
The Motion to Strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25
(1992). A Motion to Strike tests the legal sufficiency of a cause of action. Lowenstein v. Yale University, 40 Conn. Sup. 123, 124
(1984). The motion admits all legal facts but not conclusions of law. Verdon v. Transamerica Ins. Co., 187 Conn. 363, 365, CT Page 4409446 A.2d 3 (1982)."Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike."Fortini v. New England Log Homes, Inc., 4 Conn. App. 132, 135,492 A.2d 545 (1985), cert. dismissed, 197 Conn. 801 (1985).
Connecticut General Statutes § 42-110b ("CUTPA") provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110b(d), further provides that "[i]t is the intention of the legislature that this chapter be remedial and be so construed." Trade or commerce is defined in Connecticut General Statutes § 42-110a(4) as: "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."
CUTPA has been found to apply in landlord-tenant situations.Conway v. Prestia, 191 Conn. 484, 493 (1983); Pollio v. Santillo,
Superior Court, judicial district of New Haven at New Haven, Docket No. 0359030 (Apr. 10, 1995, Hodgson, J.); Salem v.Krygowski, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 081367 (Apr. 5, 1995, DiPentima, J., 14 CLR 222); Hardy v. Griffin, 41 Conn. Sup. 283, 287,569 A.2d 49 (1989). The present landlord-tenant action is unusual in that it seeks to apply CUTPA to the tenant, unlike precedent, where the landlord allegedly commits the violations. The plaintiffs cite Larsen-Chesley Realty v. Larsen, 232 Conn. 480,497; 656 A.2d 1009 (1995) for the proposition that a CUTPA violation can be sustained in a commercial context and that a consumer relationship is not required. Even if the court agrees with the plaintiffs that these two "tenants" were engaged in "trade or commerce" as alleged, the plaintiffs can not scale the hurdle that the defendants in fact "engaged in unfair methods of competition and unfair or deceptive acts," as set forth in their amended complaint (third amended complaint Nov. 9, 1995).
The plaintiffs have not properly alleged that the defendants' acts were deceptive or violations of public policy. "The determination of whether an act or practice is unfair in violation of CUTPA revolves around the application of the cigarette rule. This rule involves three inquiries: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, CT Page 4410 in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. [Internal quotations omitted.] Norwich Savings Society v. Caldrello, 38 Conn. App. 859,865, 663 A.2d 415 (1995), quoting Conway v. Prestia, supra.
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . ." Norwich Savings Societyv. Caldrello, supra, 38 Conn. App. 865, quoting Cheshire MortgageService, Inc. v. Montes, 223 Conn. 80, 105-106, 612 A.2d 1130
(1992). In the operative complaint, the plaintiffs have not alleged any of the conduct found in the "cigarette rule." The plaintiffs merely make the conclusory statement as stated above that as "[a]s a result of the defendant's conduct, which constitutes an unfair trade practice, the plaintiffs have suffered damages, plus interest."
The plaintiffs have not sufficiently plead facts to support a CUTPA claim. As "[a] motion to strike does not admit legal conclusions" Verdon v. Transamerica Ins. Co., 187 Conn. 363, 365,446 A.2d 3 (1982); Fortini v. New England Log Homes, supra at 134, the court therefore, grants the defendant's motion to strike counts two and five (#115) of the third amended complaint dated November 9, 1995.
Pellegrino, J.