[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103
FACTS
The plaintiff, Barclays Business Credit, Inc., filed a two-count complaint on May 21, 1996, alleging that the defendant, Carl Freyer, is the guarantor of a loan and note extended to American Yacht Harbor Associates Limited Partnership (AYH). The defendant filed an answer, special defenses, and a six-count counterclaim dated May 1, 1996, alleging that the plaintiff breached a duty of care in administering the refinance owed to AYH and the defendant, a breach of fiduciary duty, fraudulent or negligent misrepresentation, implied duty of good faith and fair dealing, tortious interference with business expectations, and fraudulent or negligent inducement. The plaintiff filed a motion to strike the defendant's counterclaim on May 30, 1996. The defendant filed a memorandum in opposition on September 11, 1996, and the plaintiff filed a reply memorandum on September 16, 1996.
DISCUSSION
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The plaintiff first argues that the defendant lacks standing to bring the counterclaim because the harm he alleges are harms to the corporation and not to him personally. The proper procedure for bringing an action for harms to the corporation is either by the corporation or a derivative action. The defendant CT Page 8021 responds that the claims are individual.
The defendant alleges in the counterclaim that he formed AYH as a limited partnership, and currently holds an 11 percent interest in the limited partnership, in addition to being the guarantor on the loan at issue. The defendant also alleges he presented a refinancing proposal to Barclays, which was rejected out of hand (¶ 22), that he negotiated with Barclays further to restructure the refinance and initially agreed to a restructuring (¶ 24 and 25). The counterclaim alleges that due to the breaches by the plaintiff, he has been harmed. (¶ 36 of first and second count, ¶ 39 of third, ¶ 35 of fourth). The sixth count alleges that the defendant has incurred lost opportunity costs, and his reputation has suffered. (¶ 35 and 36).
"It is axiomatic that a claim of injury, the basis of which is a wrong to the corporation, must be brought in a derivative suit, with the plaintiff proceeding `secondarily,' deriving his rights from the corporation which is alleged to have been wrong."Fortini v. New England Log Homes, 4 Conn. App. 132, 135,492 A.2d 545 (1985).
The counterclaim details a series of refinancing packages negotiated between AYH and the plaintiff in the development of a marina, and breaches in supervising, financing or supporting AYH. The harms alleged in the counterclaim arise from those transactions and are harms to AYH. The injury alleged must be an injury independent of the lender's fate. See Mid-State Fertilizerv. Exchange National Bank, supra. None of the injuries alleged, save for the injury to the defendant's reputation alleged in the sixth counterclaim, are independent of AYH. Recovery by AYH would put the defendant in the same position as if the plaintiff had not committed the alleged wrongs. Id.
The defendant alleged that he has an ownership in the partnership. This interest is not sufficient to permit a private action. Id.; General Statutes § 52-572j. The defendant has alleged he is a guarantor. This relationship is not sufficient to state a cause of action. Mid-State Fertilizer Co. v. ExchangeNat'l Bank, 877 F.2d 1333, 1336 (7th Cir. 1989) (holding that since guarantors are contingent creditors, and creditors cannot recover directly for injury inflicted on a firm, guarantors likewise cannot recover. Furthermore, "direct dealing is not the same as direct injury" and the complaint alleged that the lender CT Page 8022 violated statutory and contractual duties owed the borrower, not the guarantee agreement.); Sparling v. Hoffman Constr. Co., Inc.,864 F.2d 635, 641 (9th Cir. 1988). Lastly, the sixth count, alleging loss of opportunity and damage to reputation is also derivative in nature. See Sirinakis v. Colonial Bank, 600 F. Sup. 946,953 n. 10 (S.D.N.Y. 1984) ("Even where [the plaintiff] claims that Colonial's actions destroyed his business reputation and good will, it is clear that the ultimate damage suffered was to his businesses."). The harm occurred to AYH, and to the defendant derivatively.
The defendant has not pleaded the prerequisite elements necessary to sustain a derivative action. A derivative action is a creature of statute. Conn. Gen. Stat. § 52-572j. Among other statutory prerequisites to such a suit is the requirement that the "unincorporated association fails to enforce a right which may properly be asserted by it." Gen. Stat. §52-572j(a). Accordingly, as a prerequisite to bringing the counterclaim, Mr. Freyer must have alleged and be able to show that AYH cannot or will not pursue the claim in its own right.Fortini v. New England Log Homes, supra, 4 Conn. App. 134. Mr. Freyer has not made such allegations nor such a showing, therefore, his counterclaim is legally insufficient.
Because the court finds that the defendant lacks standing to assert the counterclaims and the claims asserted are derivative in nature, the court need not address the remaining grounds in the Motion to Strike.
Accordingly, the plaintiff's motion to strike the defendant's counterclaim is granted.
MINTZ, J.