[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In count one, the plaintiff, The Bank of New Haven, alleges that it issued a check in the amount of $24,956.30 payable to the defendant, Chrysler Financial Corporation, in return for which the defendant was to release a lien which it held on a certain vehicle. The plaintiff alleges that the defendant never released the lien and has failed to return the money paid despite the plaintiff's demand. In count two, the plaintiff alleges that defendant's conduct in failing to fulfill its obligation to release the lien in violation of Connecticut General Statutes § 49-59, and in failing to return the plaintiff's money constitutes an unfair or deceptive practice in violation of Connecticut General Statutes § 42-11Oa et seq.
The defendant filed a motion to strike the plaintiff's complaint on the ground that the complaint is "legally CT Page 11238 insufficient to state a claim upon which relief may be granted." In its memorandum of law in support of its motion to strike, the defendant asks the court to consider several attached exhibits in ruling on its motion to strike: (1) the sworn affidavit of the defendant's Branch Operations Manager, Gian Zeppetelli, ("Exhibit A"), (2) the "Retail Installment Contract" signed by the buyer of the vehicle, Frank Salzano, ("Exhibit F), and (3) the "Assignment and Authorization for Payoff," also signed by Salzano, ("Exhibit H").
The defendant claims that the affidavit and the contract show that, after the receipt of the plaintiff's check, Salzano's account had a remaining balance of $874.00. The defendant also claims that neither the "Retail Installment Contract" nor the "Assignment and Authorization of Payoff" make the plaintiff a party to the contract or authorize a release of the lien to the plaintiff. Therefore, the defendant argues that (1) it had no obligation to release the lien pursuant to General Statutes §49-59 until Salzano's outstanding balance was paid in full and (2) even if it was obligated to release the lien, it was not obligated to release the lien to plaintiff. The defendant concludes that since the attached exhibits show that it did not unlawfully refuse to release the lien in violation of General Statutes § 49-59, its conduct was not unfair or deceptive under General Statutes § 42-110a, et seq.
Finally, the defendant maintains that the plaintiff lacks standing to assert this cause of action against the defendant. The defendant argues that the plaintiff "is neither a party to the Contract, nor the Contract's intended third party beneficiary"; and, as such, the plaintiff "has no standing to enforce Mr. Salzano's contractual rights."
The plaintiff objects to the motion to strike, arguing that the motion is based on facts not alleged in the complaint. The plaintiff, however, does not respond to the defendant's claim that it lacks standing in its objection to the defendant's motion to strike.
The court must first address the threshold issue of standing. "[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what CT Page 11239 form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Citations omitted; internal quotation marks omitted.) Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552-53, 698 A.2d 245
(1997).
Based on the state of the pleadings at this time, it is impossible to determine whether the plaintiff lacks standing. The plaintiff has not pleaded any facts from which it is possible to determine the nature of the plaintiff's relationship and dealings with the defendant or with Salzano, how the defendant came to accept a check for $24,956.30 from the plaintiff for application towards Salzano's indebtedness to the defendant, or how the plaintiff came to expect that the defendant would release the lien to the plaintiff in consideration of the $24,956.30. Nor do the affidavit and other exhibits filed by the defendant address these questions. Thus, based on the facts currently before the court, the court cannot determine whether the plaintiff is, as the defendant claims, bringing suit "to enforce Mr. Salzano's contractual rights" as opposed to, for example, plaintiff's own rights independent of the "Retail Installment Contract" between the defendant and Salzano.
For these reasons, the court denies the defendant's motion, to the extent it is based upon an asserted lack of standing, without prejudice to renew pending a proffer of supplemental evidence and/or oral argument. See Community Collaborative ofBridgeport, Inc. v. Ganim, supra, 241 Conn. 551 n. 5 (where Supreme Court denied defendant's motion to dismiss based on mootness without prejudice to renewal at oral argument and ordered supplemental briefing). "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. . . ." (Citations omitted; internal quotation marks omitted.) Unisys Corp. v. Dept. of Labor, 220 Conn. 689,695-96, 600 A.2d 1019 (1991) (where court held plaintiff was entitled to evidentiary hearing to afford it opportunity to prove it had standing).
With respect to the defendant's argument concerning the legal insufficiency of the complaint, "[i]n deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged. . . . Where the CT Page 11240 legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
The defendant's "motion [is] dependent upon underlying facts not alleged in the plaintiff's pleadings." Liljedahl Bros., Inc.v. Grigsby, supra, 348. These facts are (1) that Salzano's account had an outstanding balance of $874.00 remaining after the plaintiff's payment of $24,956.30; (2) that the plaintiff was not a party to the "Retail Installment Contract;" and (3) that Salzano neither assigned nor authorized the release of the lien to the plaintiff. The defendant's argument that it did not unlawfully refuse to release the lien, and therefore did not engage in conduct that was unfair or deceptive, is dependent upon these facts. None of these facts are alleged in the plaintiff's complaint. Instead, the defendant asks the court to rely on the several attached exhibits in order to find these facts. The court is "limited, however, to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds,236 Conn. 845, 675 A.2d 835 (1996); see also Cavallo v. DerbySavings Bank, 188 Conn. 281, 285-86, 449 A.2d 986 (1982) ("The trial court may not seek beyond the complaint for facts not alleged. . . ."); Fortini v. New England Log Homes, Inc.,4 Conn. App. 132, 135, 492 A.2d 545, cert. dismissed, 197 Conn. 801,495 A.2d 280 (1985) ("The trial court may not seek beyond the complaint for facts not alleged, or necessarily implied. . . ."). For this reason the defendant's motion to strike is denied.
Howard F. Zoarski Judge Trial Referee