[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff was injured in a fire in an apartment building owned by the defendant, the 5 S's Partnership, Ltd., and managed by Connecticut Properties, Inc. The plaintiff pleads, in her first and third count, that CT Page 16997 these defendants engaged in reckless disregard for her health and safety by violating certain statutory obligations to install and maintain smoke or fire detecting equipment, despite her requests that they do so. The specifications of recklessness also enumerate that these defendants failed to adhere to the housing, building and fire codes in effect and failed to warn the plaintiff that the premises did not comply with the minimum health and safety standards required by these codes. In addition, these defendants were reckless, the plaintiff alleges, because they failed to repair the electrical service and appliances owned by the defendant partnership and placed in the plaintiff's apartment, despite the plaintiffs requests to do so. Counts two and four of the complaint contain the identical factual allegations against these defendants, but also contain a paragraph claiming the injuries and damages the plaintiff suffered were due to the negligence of these defendants in engaging in this conduct.
1. CLAIMS
The two defendants filed motions to strike these counts on the grounds that they "fail to set forth a separate and distinct factual predicate for recklessness", arguing that negligent conduct cannot service as a basis for recklessness. The plaintiff objected to the motion to strike, arguing that she has adequately pleaded recklessness. For the reasons set forth in detail below, the court denies the motion to strike and sustains the objection.
2. LEGAL STANDARD
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Practice Book . . . §10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). The motion admits well pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the pleadings at issue. King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
(1985). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England LogHomes, Inc., 4 Conn. App. 132, 134-35, 492 A.2d 545, cert. dismissed,197 Conn. 801, 495 A.2d 281 (1985).The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516,523, 753 A.2d 927 (2000). "Thus, [i]f facts provable in the complaint CT Page 16998 would support a cause of action, the motion to strike must be denied."Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000).
3. DISCUSSION
The issue raised by the motion to strike is what factual allegations are legally required for a recklessness count to state a cause of action. One central element in the equation is the state of mind necessary. In Dubay v. Irish, 207 Conn. 518, 532-533, 542 A.2d 711
(1988), the court held that:
 "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . Willful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. . . . highly unreasonable conduct, involving an extreme departure from ordinary care in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than thoughtlessness or inadvertence, or simple inattention. . . ." (internal citations and quotations omitted.)
The court, for the purposes of determining this motion, takes the factual allegations of the complaint as proven and must then consider if counts one and three state a cause of action in recklessness. Counts one and three specifically allege that the Plaintiff requested that the Defendant landlord install and maintain smoke and fire detecting equipment in her apartment and that it repair the electrical service and appliances. If these facts are taken as proven, then the Defendant owner had knowledge of its failure to comply with specific statutory requirements for landlords and regulations for health and safety. It is not just that the defendants breached a duty they owed the plaintiff, as is the gravamen of the negligence counts, it is that they did so after having their duty pointed out to them, allowing the trier of fact to CT Page 16999 infer from their conduct that they were reckless in their disregard of their statutory duties. From these allegations, a trier of fact could infer "such conduct . . . indicates a reckless disregard for the just rights and safety of others." Dubay v. Irish, 207 Conn. 532, supra.
The court holds that these counts are legally sufficient and state causes of action in recklessness. For if it is the purpose of the statutes and codes in question to provide for the health and safety of those occupying dwellings to which the statutes and codes apply and if an individual who falls within the contemplated zone of protection directly requests compliance from those who are charged with the obligation of complying and is injured as a result of a failure to comply, then such conduct, the court finds, is reckless.
Although counts two and four rely on the same factual underpinnings to set forth negligence in the alternative, such identical factual underpinnings do not thereby cause the counts one and three to lose their recklessness characterization. For the foregoing reasons the court denies the motion to strike and sustains the objection to the motion.
BY THE COURT
BARBARA M. QUINN, Judge