[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendant's motion to cite in an CT Page 4043 additional party for apportionment purposes only.
On August 8, 1994, the plaintiff, Priscilla Gallagher-Crespo filed a one count complaint sounding in negligence against the defendant, Doreen A. Storz, for injuries allegedly sustained as a result of an automobile accident. The plaintiff claims she was stopped in traffic when a vehicle, operated by the defendant, struck her vehicle from behind, and caused the plaintiff's vehicle to strike the car in front of her.
On October 26, 1994, the defendant filed an answer along with a single special defense to the plaintiff's complaint. On December 2, 1994, the defendant amended her special defense. Essentially, the defendant alleges in her special defense that an unknown third party (John Doe), operating a two door light blue vehicle was the actual cause of the accident in that this unknown person struck the back of the defendant's vehicle, thus causing the defendant's vehicle to strike the plaintiff's.
Also on December 2, 1994, the defendant filed a motion to cite in John Doe as a party defendant for purposes of apportioning liability. A memorandum in support accompanied the motion. On December 9, 1994, the plaintiff filed an objection to the defendant's motion to cite in an additional defendant as well as a memorandum in support of her objection.
General Statutes § 52-572h(c) states in pertinent part that "[i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable . . . damages. . . ."
In the present case the defendant is seeking to designate an unidentified person (John Doe) as a "party" for purposes of apportionment only. Generally, the "rule is that, for in personam actions, there is no authority to proceed against unknown persons in the absence of a statute allowing such an action." Cuomo v.Yale-New Haven Hospital, 7 Conn. L. Rptr. 159, 160 (July 27, 1992) (Gordon, J.). The general rule should not apply to an unidentified person designated a "party" for apportionment purposes only because there can be no judgment for or against that "party".
In the present case, John Doe is being designated a "party" CT Page 4044 for apportionment purposes only. Such a "party" need not plead or even attend trial for his or her percentage of negligence to be considered.
In part, the legislative policy enacted by Tort Reform II, is to hold parties liable only for their proportionate share of recoverable damages. If the defendant in the present case is not allowed to designate John Doe a "party" solely for apportionment, then the purpose of General Statutes § 52-572h will be frustrated, resulting in the defendant being deprived of the opportunity to have her liability reduced in proportion to the potential liability of another, albeit unknown.
Accordingly, the defendant is permitted to designate John Doe a party for apportionment purposes only; the defendant shall file a statement of claim alleging the factual basis for her claim that John Doe was negligent and that such negligence was a proximate cause of damages claimed by the plaintiff; and, the defendant shall certify said designation and statement of claim to the plaintiff.