[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN PARTY DEFENDANT (#107)
The plaintiff, Theresa Joyner, brought an action on May 18, 1995 against the defendants alleging negligence in an accident between a bus in which the plaintiff was a passenger, and a truck operated by the defendant Leon M. Schofield and owned by the defendant A. Ricciardi Sons, Inc. a/k/a Ricciardi Bros., Inc. The defendants' complaint against "John Doe" alleges that John Doe, an unidentified driver, cut off Schofield and forced him into the bus.
Defendants filed a memorandum in support of their motion. The plaintiffs have not responded.
Pursuant to Practice Book § 52-102, the court must grant a party's motion to add a person as a party "if that person is necessary for a complete determination or settlement of any question involved therein." Practice Book § 52-102. "This provision allowed those individuals named as defendants by the plaintiff to avoid having to pay damages for which they were not responsible." Donner v. Kearse, 234 Conn. 660, 669, (1995).
The defendant cites Gallagher-Crespo v. Storz, Superior Court, Judicial District of New Haven, Docket No. 364073 14 Conn. L. Rptr. 64
(April 7, 1995, Fracasse, J.) for the proposition that the defendant may cite in an unknown party for apportionment purposes. The court inGallagher held that the general rule which prohibits the court from proceeding against unknown persons in the absence of a statute does not apply for apportionment purposes because there can be no judgment for or against that party, and the party need not plead or even attend trial for the party's negligence to be considered.Gallagher-Crespo, supra.
"In part, the legislative policy enacted by Tort Reform II, is to hold parties liable only for their proportionate share of recoverable damages. If the defendant in the present case is not allowed to designate John Doe a `party' solely for apportionment, then the purpose of General Statutes § 52-572h will be frustrated, resulting in the defendant being deprived of the opportunity to have her liability reduced in proportion to the potential liability of another, albeit unknown." Gallagher-Crespo, supra. CT Page 14438
Accordingly, the motion is granted.