[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#107)
The plaintiff alleges that he slipped and fell on a sidewalk in front of the defendant's establishment. The defendant was permitted to serve an apportionment complaint on the City of Waterbury. The City was served and now brings this motion, claiming that neither the plaintiff or the defendant satisfied the notice requirement of Connecticut General Statutes § 13a-149.[1], necessary to institute an action against it. The City argues therefore that this court does not have subject matter jurisdiction, since compliance with 13a-149 is a condition precedent to bringing suit.
The defendant is not bound by the notice provisions of §13a-149, because it is not claiming the City is responsible to pay a portion of damages, but just seeks to cite it as an apportionment defendant. The Supreme Court in Pratt v. OldSaybrook, 225 Conn. 177, 182, 621 A.2d 1322 (1993), in discussing the purpose of the notice requirement said:
The purpose of the notice requirement is not to CT Page 4213-XX set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. . . . More specifically, as we recently stated in Sanzone v. Board of Police Commissioners, supra, the "statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims.
(Citations omitted). Here the defendant is attempting to limit its own liability by seeking to apportion it with the City, which is permissible under Tort Reform II. Gallagher-Crespo v.Storz, Superior Court, Judicial District of New Haven at New Haven, Docket No. 364073 (Apr. 7, 1995) (Fracasse, J.,14 Conn. L. Rptr. 64) (the legislative policy enacted by Tort Reform II is to hold parties liable only for their proportionate share of recoverable damages.) The defendant LaCasa need not comply with § 13a-149 in order to assert only an apportionment claim against the City. The City's Motion to Dismiss is denied.