[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#118)
It is the plaintiffs claim in this action that the defendant's negligence caused a minor decedent to be struck and killed while exiting from a roller coaster known as "The Twister" at Lake Quassapaug Park in Middlebury. The complaint sounds in three counts: count one is for wrongful death of the minor decedent; count two claims loss of consortium on behalf of the child's mother; and count three alleges loss of consortium on behalf of the child's father.
The Defendant has filed a four-count amended apportionment complaint, pursuant to Section 1(a) of Public Act § 95-111, against the following defendants: (1) Quassy Amusement, Inc., (2) an unidentified "John Doe" who allegedly started the ride as the minor decedent exited it, resulting in the fatality, (3) Allen Herschell Company — the manufacturer of "The Twister," and (4) John Anastas — Lake Quassapaug's professional engineer. In the second count of the apportionment complaint, the defendant alleges that the death of Michael Mills was caused by the negligence of a "John Doe" in one or more of the following ways:
 a) he reached the controls of the Twister starting the ride suddenly and unexpectedly, while other patrons, including the Plaintiffs' decedent, were still on the ride; CT Page 4561
 b) he was otherwise negligent and careless under the circumstances.
Counts One, Three and Four of the apportionment complaint refer to an "unauthorized person" and his alleged involvement in the death of the child. The Plaintiff has filed a motion to strike count two of the apportionment complaint, and all references to "John Doe" and "unauthorized persons" in that complaint.
The Motion to Strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). A Motion to Strike tests the legal sufficiency of a cause of action. Lowenstein v. Yale University, 40 Conn. Sup. 123, 124
(1984). The motion admits all legal facts but not conclusions of law. Verdon v. Transamerica Ins. Co., 187 Conn. 363, 365,446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike."Fortini v. New England Log Homes, Inc., 4 Conn. App. 132, 135,492 A.2d 545 (1985), cert. dismissed, 197 Conn. 801 (1985).
Whether an unidentified "John Doe" may be made a party to an action by means of a third party apportionment complaint is now governed by the new "Apportionment Statute, " Public Acts 1995, No. 95-111. Public Act 95-111 applies to all civil actions filed on or after July 1, 1995, and provides the exclusive means for a defendant to cite another defendant in apportioning liability pursuant to General Statutes § 52-572h. Service of an "apportionment complaint" upon the prospective defendant, determines who becomes a party "for all purposes," entitled to the same rights and remedies as any other defendant in a personal injury action. The instant case was filed after July 1, 1995, and is therefore subject to the "Apportionment Statute" (Public Act 95-111).
Thus, the issue presented is whether to permit reference to a "John Doe" in an apportionment complaint. There is a split of authority in Connecticut Superior Courts permitting fictitious designations or "John Doe" defendants in complaints generally. However, the majority of Connecticut trial court decisions have not permitted naming "John Doe" defendants.[1] Prior to the enactment of P.A. 95-111, there were some decisions which permitted the naming of fictitious defendants in apportionment CT Page 4562 complaints. Joyner v. Ricciardi Sons, 16 Conn. L. Rptr. No. 3 110 (March 18, 1996) (Karzin, J). However, the naming of a "John Doe" defendant was permitted because these fictitious defendants were named for apportionment purposes only. Id. The Joyner court allowed the fictitious defendants since there could not be a judgment for or against that party, and they were not required to plead or even attend trial for their negligence to be considered. Id. See also, Gallagher-Crespo v. Storz, Superior Court, judicial district of New Haven, Docket No. 36 40 73 14 Conn. L. Rptr. 64
(April 7, 1995) ( Fracasse, J.) (permitting a "John Doe" defendant for the same reasons stated in Joyner, .supra). Public Act 95-111 has eliminated the "defendant for purposes ofapportionment only." "Under the mandates of the statute, "John Doe" is not a proper apportionment defendant because he was never served with the complaint, and thus he can never attain party status." Jennifer Catalan v. Machnik Construction Co., Inc.,
16 Conn. L. Rptr. No. 9 285 (April 29, 1996) (Austin, J). "To allow an unserved "John Doe" to be a party for the purposes of apportionment would violate Public Act 95-111's clear mandates." Id.
The Connecticut Supreme Court has held that "writs in civil actions shall describe the parties, presumably by their real names, so that they may be identified." Buxton v. Ullman,147 Conn. 48, 60, 156 A.2d 508 (1959). Further, "[t]he privilege of using fictitious names in [civil] actions should be granted only in the rare case . . ." Id., at 60. Moreover, Connecticut Practice Book § 49 mandates that the "[m]esne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of the appearance, and shall be accompanied by the plaintiff's complaint."
Finally, the majority of Connecticut Superior Courts have maintained that the naming of a "John Doe" defendant in a complaint and a summons is improper because Connecticut does not have a fictitious name statute, nor is it authorized by the Practice Book. See Kerr, supra.[2] In deference to the majority of Connecticut Superior Court decisions refusing to permit "John Doe" defendants, as well as the present statutory definition of "apportionment" this Court will grant the Motion to Strike the second count of the apportionment complaint. In granting the Motion to Strike the second count of the apportionment complaint, the Court will also grant the motion to strike the prayer for relief as to "John Doe." CT Page 4563
The last issue that the court must decide is whether the "John Doe" references should be stricken from the remaining counts of the apportionment complaint and the prayer for relief. These counts do not use the term "John Doe," but incorporate references to "unauthorized people" or an "unauthorized operator" in their allegations. The plaintiff argues that these references in counts one, three and four should also be stricken as "John Doe" pleading is not permitted. This argument is unpersuasive as these counts fail to make any allegations against a specific "John Doe" defendant. The references to the "unauthorized person" or "operator" serve the legitimate purpose of describing the liability of other potential defendants. Accordingly, the plaintiff s motion to strike counts one, three and four are denied.