[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS APPORTIONMENT COMPLAINT
The defendants-apportionment plaintiffs have served an apportionment complaint on a John or Jane Doe apportionment defendant and the apportionment defendants seeking an apportionment of damages for injuries allegedly sustained by the plaintiff in a fall from playground equipment in Ansonia, Connecticut on or about March 24, 1998.
The plaintiff has moved to dismiss the Apportionment Complaint taking the position that an apportionment complaint cannot be filed against a John or Jane Doe, as he or she is an unidentified person. The Court agrees.
Pleading against a John Doe defendant in an apportionment complaint is not permitted. Catalan v. Machnik Construction Co.,Inc., Superior Court, judicial district of New London at New London, Docket No. 535192, 16 Conn. L. Rptr. 285 (Nov. 8, 1996) (Austin, J.). "John Doe is not a proper apportionment defendant because he was never served with the complaint, and thus, can never obtain party status. To allow an unserved "John Doe' to be a party for purposes of apportionment would violate P.A. 95-111'S clear mandates." Id.
Those cases holding to the contrary are distinguishable in that they preceded the codification of P.A. 95-111. (See e.g.) Gallagher-Crespo v. Storz, Superior Court, judicial district of New Haven at New Haven, Docket No. 364073 (April 7, 1995, Fracasse, J.); Joyner v. Ricciardi and Sons, Superior Court, judicial district of Stamford at Stamford, Docket No. 145597 (December 22, 1995, Karazin, J.) (16 Conn. L. Rptr. 110)
Connecticut law does not allow for apportionment of an CT Page 16008 unidentifiable party. Bourke v. Stamford Hospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV94-0137994 (January 15, 1999, D'Andrea, J.) (1999 CT. Sup. 274).
Accordingly, the Apportionment Complaint against John or Jane Doe dated June 15, 1999 is hereby dismissed.
 II.
The plaintiff next asserts that the defendant should not be permitted to implead the individuals and entities who designed, constructed and installed the playground equipment and ground surfacing in question, for apportionment purposes because property owners have a non-delegable duty to maintain safe premises. The Court disagrees.
The Connecticut Supreme Court has held that architects, engineers, builders and contractors can be held liable for negligence, not only to the property owner who contracted for their services, but to all those whom "it is foreseeable that the contractors work, if negligently done, may cause . . . injury. . . . [on] the premises." Coburn v. Lenox Homes, Inc., 173 Conn. 567,574 (1977). Zapata v. Burns, 207 Conn. 496, 517 (1988) states "It is now almost the universal rule that the contractor is liable to all those who may forseeably be injured by the structure . . . when the work is negligently done." The requirement of privity should only be applicable to actions growing out of contract theory and should be irrelevant to tort actions." Coburnv. Lenox Homes, Inc., supra at 574.
Accordingly, the plaintiff's Motion to Dismiss Defendant's Apportionment Complaint as to O'Brien and Sons, Inc., Landscape Structures, Inc. and Donald w. Smith, Jr. is denied.
THE COURT
by ARNOLD, J.