[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Connecticut Light Power Company ("CL P"), the defendant in the above-captioned action, has moved to strike the fifth count of the plaintiffs' revised complaint filed September 2, 1999. (The text of the motion indicates that the sixth count, which is directed at a different defendant, is at issue. This mistake was corrected at oral argument.)
The grounds raised in the motion are 1) that the challenged count fails to state a cause of action and 2) that it is the law of the case that the defendant did not owe the plaintiff any duty of care.
In the count at issue, the plaintiffs allege plaintiffs Donald Mazza and Patricia Mazza occupied a condominium unit directly below a unit owned by defendant John Capone, that all condominium owners were required to maintain adequate heat during winter months, that the defendant had represented to John Capone that it would not shut off the electricity to his unit but would contact him prior to any planned shutoff, that the defendant shut off the power in January 1994, and that frozen pipes in the Capone unit caused damage to the Mazzas' unit. The plaintiffs claim that their losses were caused by "the negligence and carelessness of the Defendant, CL P, in that it a) failed to continue to provide electrical power to the Capone unit, when it had specifically indicated it would continue to do so, when it knew or should have known that the result would be a flood not only of the Capone unit but also the Plaintiffs' unit; and b) failed to send any overdue electrical bills to Capone as requested, when it knew or should have known that this would result in a nonpayment of bills and a subsequent termination of electrical service to the Capone unit."
Standard of Review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, CT Page 4835252 Conn. 193, 213 (2000); Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-215 (1992); Ferryman v.Groton, 212 Conn. 138, 142 (1989); Practice Book 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnership v. Windham,251 Conn. 597; 603 (1999); Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378 (1997); Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33 (1990).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff Bohan v. Last, 236 Conn. 670, 675 (1996); Sassonev. Lepore, 226 Conn. 773, 780 (1993); Novametrix Medical Systems,Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1998). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro,31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v.CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v. New England LogHomes, Inc., 4 Conn. App. 132 134-35, cert. dismissed,197 Conn. 801 (1985).
Law of the case
The movant asserts that the same claim that the plaintiffs make in the fifth count of the revised complaint was previously stricken by the court, Kulawiz, J., when that claim was included in a prior version of the complaint. The defendant has not identified the count of the earlier complaint that it claims sets forth the same claim but asserts in a conclusory manner that because Judge Kulawiz granted a motion to strike all claims against CL P in the prior complaint, the present count must also be stricken.
The defendant fails to recognize that after a motion to strike has been granted, pursuant to Practice Book § 10-44, a party has an opportunity to plead over, so that any deficiencies in the prior pleading may be rectified if the pleader has a factual basis for doing so. While a party runs afoul of the doctrine of the law of the case if he or she simply repeats the pleading that has previously been stricken, a reformulated pleading must be CT Page 4836 assessed ab initio to determine whether it states a cause of action.
The first count of the complaint filed on March 18, 1997, which Judge Kulawiz struck, sets forth a claim that CL P had been negligent in shutting off electrical power to the Capone unit for John Capone's failure to pay his electric bill, and that it was foreseeable that the shutoff would cause damage to other units, including the plaintiffs'.
The only allegations in the present complaint that differ from the allegations in the first count of the prior complaint are the paragraphs in which the plaintiffs allege that the defendant agreed to advise John Capone of a shutoff before it enacted one. The gravamen of both counts, however, is that CL P had a duty of care to the plaintiffs that precluded it from shutting off electricity in the Capone unit, that it breached that duty of care, and that its breach proximately caused the plaintiffs to suffer damages and losses. The plaintiff has not pleaded any new allegations that support the existence of a duty of care toward the plaintiffs.
Judge Kulawiz ruled that the plaintiffs failed to set forth any basis for concluding that the CL P owed a duty of care to refrain from cutting off services to a non-paying customer if to do so would create a risk of property damage to third parties. She noted that the existence of a cause of action in negligence depends not simply on the element of foreseeability of harm, but on the existence of a duty of care. It remains the law, as cited by Judge Kulawiz, that "the conclusion that a particular injury to a particular plaintiff or class of plaintiffs possibly is foreseeable does not, in and of itself, create a duty of care."Waters v. Autuori, 236 Conn. 820, 827 (1996). The Connecticut Supreme Court has repeatedly ruled that foreseeability is simply one element in determining the existence of a duty of care; and the other required element is public policy supporting the imposition of a duty. Mendillo v. Board of Education,246 Conn. 456, 483 (1998); Lodge v. Arett Sales Corp. , 246 Conn. 563, 572
(1998); R, K. Constructors, Inc. v. Fusco Corp. , 231 Conn. 381
(1994).
Judge Kulawiz determined that Connecticut has never recognized a public policy to prevent a provider of services from discontinuing those services out of considerations of possible consequences for third parties. The plaintiff has not cited any recognition of any such obligation, either in Connecticut or CT Page 4837 elsewhere. To recognize such a duty would shift the cost of the conduct of an occupant of a multi-occupant residence to the utility company. It seems doubtful that such a shift in responsibility will be recognized as the public policy of this state. The new allegations concerning promises made to Mr. Capone do not support the existence of a duty of care toward the plaintiffs.
This court concludes that the operative allegations of the fifth count are a repetition of the operative assertions of the first count of the complaint, and that Judge Kulawiz's conclusion on the legal inadequacy of this claim of liability based on negligence is the law of the case.
Legal Adequacy
Even if the present fifth count were viewed as diferent from all stricken counts in the prior complaint, this court finds that the claim asserted by the plaintiff in the fifth count of the present complaint is a claim of negligence without a legal basis, as no duty of care toward the plaintiffs in regard to policies of terminating services to customers is supported by the allegations of the count. To state a cause of action in negligence, as is explained above, a plaintiff must allege breach of a duty of care. The existence of a duty of care derives from the foreseeability of harm and from a public policy of recognizing a duty toward persons in the plaintiff's situation. Mendillo v.Board of Education, supra, 246 Conn. 483-84:
 We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's positon, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case.
See Lodge v. Arett Sales Corp. , supra, 246 Conn. 572.
The existence of a duty of care is a question of law, and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. Mendillo v. Board of Education, supra, 246 Conn. 483. CT Page 4838
While utilities have been recognized as having a duty of care with regard to their construction practices and operation of dangerous facilities; Citarella v. United Illuminating Co.,158 Conn. 600, 607 (1969); they have not been held to owe a duty of care to third parties with regard to their billing practices or determinations concerning provision or termination of services. To recognize such a duty would impose on a utility company the burden of investigating whether each of its customers used electricity for heating, and, if so, whether that customer's premises were contiguous to other premises that might be affected by a disruption of heat. A utility would have to keep records of such facts and adopt different rules and procedures for termination of services for nonpayment depending on each particular customer's circumstances with regard to other properties.
The plaintiff has not identified any regulations, standards or other indications of public policy that would support a finding that such obligations should be imposed. The public policy favoring compensation for parties who suffer losses because of negligent maintenance of premises by others is served by the existence of a cause of action against the negligent property owner.
The court finds that the plaintiff has failed to state a legally cognizable. cause of action against CL P.
Conclusion
The motion to strike the fifth count of the revised complaint is granted.
Beverly J. Hodgson
Judge of the Superior Court CT Page 4839