[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE CUTPA/CUIPA CLAIM
The defendant, Executive Risk Specialty Insurance Company ("Executive Risk") has moved to strike the fifth count of the plaintiffs' complaint, in which the plaintiffs allege violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA"), based on claimed violations of the Connecticut Unfair Insurance Practices Act, CT Page 1516 Conn. Gen. Stat. § 38a-815, et seq. ("CUIPA"). Executive Risk also seeks to strike the portions of the prayer for relief that seek remedies provided by CUTPA.
The plaintiffs allege that Executive Risk had issued a directors' and officers' liability insurance policy that insured them, and that it had refused to furnish them with a defense and had denied coverage when they settled a claim made against them by a merger partner. The plaintiffs allege at paragraph 62 of their complaint that "Defendant's refusal to settle each Plaintiff's claim, a total of three claims, as well as the multiple acts of misconduct perpetrated by [Executive Risk] on Plaintiffs in the processing of their claims, constitutes a general business practice in violation of the Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat. §§ 38a-815 et seq." The plaintiffs further allege that the defendant's various acts in the processing of their claims and ultimately denying them constitute unfair and deceptive trade practices in violation of CUTPA.
All claims of all plaintiffs arise from the same incident and the same claim for coverage.
Standard of review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham, 251 Conn. 597, 603, cert. denied, 120 S.Ct. 2217 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 117 S.Ct. 1106 (1990).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff.Bohan v. Last, 236 Conn. 670, 675 (1996); Sassone v. Lepore, 226 Conn. 773,780 (1993); Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,224 Conn. 215; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239
(1993). Conclusory statements or statements of legal effect not supported CT Page 1517 by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v.New England Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
Sufficiency of CUIPA Claim
The Connecticut Supreme Court has steadfastly held that an insurer's conduct with respect to the claim of an insured is not actionable under CUTPA unless the conduct at issue would also satisfy the requirements for a claim under CUIPA. A complaint of unfair conduct with regard to providing defense and coverage of an insurance claim is actionable under CUIPA only if a plaintiff alleges and proves that the defendant's conduct constituted a "general business practice." Conn. Gen. Stat. §38a-816(6); Mead v. Burns, 199 Conn. 651 (1986).
In Lees v. Middlesex Insurance Co., 229 Conn. 842, 850-851 (1994), the Supreme Court, citing Mead v. Burns, supra, 199 Conn. 666, reiterated that "a CUTPA claim based on an unfair claim settlement practice prohibited by § 38a-816(6) require[s] proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant `with such frequency as to indicate a general business practice.' In so holding, we observed that a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein, and that `the definition of unacceptable insurer conduct in § 38a-816(6) reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention.'"
The Appellate Court ruled in Quimby v. Kimberly Clark Corporation,28 Conn. App. 660, 671-72 (1992), that claims of unfairness in various aspects of dealing with the same claim do not establish a "general business practice."
While the plaintiffs have conclusorily alleged that the acts complained of in connection with their claim constituted a "general business practice," they have failed to allege facts that would support this conclusion. Such conclusory statements, devoid of factual allegations, are insufficient and will not protect a pleading from a motion to strike. Mingachos v. CBS, Inc., supra, 196 Conn. 108. This standard reflects the fact that a plaintiff can plead over after a claim is stricken, and will have an opportunity to add in a substitute pleading factual allegations to replace the conclusory allegations that are insufficient to state a cause of action. CT Page 1518
The plaintiffs' allegations of unfair insurance practices relate only to their own insurance claim. While they seek to characterize the claim as multiple because three of them assert it, their allegations are essentially that Executive Risk dealt with claims arising from the same loss in the same way. Taking the same position with regard to the same facts arising from the same claim under the same policy does not allege a general business practice. Without factual allegations sufficient to demonstrate that the determinations of which they complain were part of a general business practice, under the principles set forth in the appellate cases cited above, the plaintiffs have failed to state a claim for a violation of CUTPA based on unfair practices in an insurance transaction.
The plaintiffs have referred the court to trial court rulings on motions to strike in which denial of multiple claims was held to state a cause of action under CUTPA. These cases are distinguishable. In TheTravelers Property Casualty Insurance Co. Inc. v. Troyer, Superior Court, judicial district of Hartford, Docket No. 0580328 (Sept. 8, 2000) (Fineberg, J.), the plaintiff pleaded that the defendant had refused to pay two unrelated fire loss cases where there was no evidence that the policyholder was responsible for the loss, thus alleging a general practice of denying a particular kind of claim without cause. Similarly, the plaintiff in Ferriolo v. Nationwide Insurance, Superior Court, judicial District of New Haven, Docket No. 0403433 (March 11, 1998) (Hartmere, J.) alleged a practice evidenced by the defendant's handling of three unrelated claims brought by insured under different policies. InNuzzo v. Nationwide Mutual Insurance Co., Superior Court, judicial district of New Haven, Docket No. 0394015 (July 1, 1998) (Silbert, J.), the plaintiff had likewise pleaded that claims of two other unrelated insureds under different policies had been treated in the same allegedly unfair way.
The three Superior Court cases cited above rest on the logic that where unrelated insureds are subjected to the same allegedly improper treatment in connection with separate and discrete policies, a general practice is alleged. By contrast, in the case before this court, the plaintiffs complain of the defendant's actions with regard to a claim made under the same policy by three insured arising from the same transaction. Indeed, at paragraph 29 of the complaint, the plaintiffs allege that "[b]oth the Tort and Indemnity Claims were covered under the Policy because they arose from the same alleged Wrongful Acts, i.e., from the purported misrepresentations and incorrect statements."
The allegations of the plaintiffs' complaint do not support a claim of unfair or deceptive insurance practices in violation of CUTPA. CT Page 1519
Conclusion
The motion to strike the fifth count of the complaint and the portion of the prayer for relief based on this count is granted.
Beverly J. Hodgson Judge of the Superior Court