[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNT TWO OF DEFENDANTS' SUBSTITUTED COUNTERCLAIM
The motion to strike now before this court requires decision on whether a vendor that refuses to sell its products to a would-be purchaser is liable for the tort of intentional interference with the business expectancy of the would-be purchaser.
In the second count of their Substituted Counterclaim, the defendants, The Standard Group, Inc., Standard Folding Cartons, Inc. and Southern Standard Cartons, Inc., allege that after the termination of a letter agreement obligating the plaintiff to supply and the defendants to buy certain paperboard products, they contacted the plaintiff seeking to buy for resale a certain type of paperboard which they had long obtained from the defendants to sell to one of their customers. The defendants allege that the plaintiff "was the only paperboard manufacturer in the area which manufactured the specific type of board (i.e., coated on two sides) which the customer needed." (Substituted Counterclaim, para. 9.)
The defendants allege that the plaintiff was aware both that the defendants had in the past sold this kind of product (which they had obtained from the plaintiff during the term of the letter agreement) to this customer and that they had an on-going relationship with that customer and an expectation of continued sales of the same product to the same customer in the future. The defendants further allege that
 Simkins' refusal to sell the specific paperboard to Standard was a direct result of Standard's termination of the Letter Agreement and was done to try to intimidate Standard into renewing the Letter Agreement and for the purpose of injuring the relationship which Standard had with its customer. Simkins' refusal to sell the paperboard to Standard was malicious and was done with the intent to injure the relationship which Standard had with its customer including any future sales between the two.
(Substituted Counterclaim, para. 12.)
The defendants do not allege that the plaintiff undertook any action CT Page 10301 directed at influencing the conduct of Standard's customer, but only that the refusal to sell the particular kind of paperboard to Standard was intended to affect Standard's own conduct.
On March 19, 2001, the court, Devlin, J., granted a motion to strike the counterclaim in which the defendants first raised this issue. In that motion to strike, the plaintiff asserted two grounds: (1) that an allegation of a refusal to sell to a party did not state a cause of action for tortious interference with a business relationship and (2) that the defendants had failed to allege use of an improper motive or means to affect the relationship with a third party. Judge Devlin granted the motion to strike on the second ground and did not rule on the issue raised in the first ground asserted. The movant has raised that ground again in connection with the substituted counterclaim.
Standard of Review on Motion to Strike
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham 251 Conn. 597, 603, cert. denied, 120 S.Ct. 2217 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 117 S.Ct. 1106 (1990).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiffGazo v. Stamford, 255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670,675 (1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993); NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed, CT Page 10302197 Conn. 801 (1985).
Elements of the Tort of Intentional Interference with BusinessRelationships
Connecticut's courts have long recognized a cause of action for tortious interference with contract rights or other business relations.Daley v. Aetna Life Casualty Co., 249 Conn. 766, 805-806 (1999); RobertS. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 536 (1988);Solomon v. Aberman, 196 Conn. 359, 364 (1985); Blake v. Levy, 191 Conn. 257,260 (1983); Harry A. Finman Son v. Connecticut Truck Trailer Serv.,169 Conn. 407, 415 (1975). The Connecticut Supreme Court has cautioned, however, that "not every act that disturbs a contract or business expectancy is actionable." Daley v. Aetna Life Casualty Co., supra,249 Conn. 805; Blake v. Levy, supra, 191 Conn. 257-58; Jones v.O'Connell, 189 Conn. 648, 660-661 (1983).
Not every action that has the effect of damaging a party's relationships with customers is actionable: an essential element to be pleaded and proved is that "the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously." Solomon v. Aberman, supra, 196 Conn. 365, quoting Blake v. Levy, supra, 191 Conn. 261. See also Jones v.O'Connell, supra, 189 Conn. 660.
"The plaintiff in a tortious interference claim must demonstrate malice on the part of the defendant, not in the sense of ill will, but "intentional interference without justification.'" Daley v. Aetna Life Casualty Co., supra, 249 Conn. 806, citing 4 Restatement (Second) Torts § 766, comment (s) (1979).
Section 766 of the Restatement (Second) of Torts, which has been repeatedly cited by the Connecticut Supreme Court as defining the elements of a cause of action in Connecticut for tortious interference with business relations; see Daley v. Aetna Life Casualty Co., supra,249 Conn. 806, Blake v. Levy, supra, 191 Conn. 259; provides as follows:
 One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.
As the Supreme Court ruled in Jones v. O'Connell, supra, CT Page 10303189 Conn. 660-61, where a vendor may have legitimate business reasons for not wanting to sell to a particular party, the issue whether the refusal proceeds from such reasons rather than from a malicious desire to interfere with the would-be buyer's relationship to a third party is a question of fact. In Jones, the conduct that was alleged to constitute a tortious interference with business relations was the refusal by the owners of a cooperative apartment building to consent to the purchase of stock and a proprietary lease to one of the apartments by the plaintiff. The plaintiffs alleged that the defendants' personal animus against the prospective buyer was the real reason for the refusal to consent to the purchase. The case did not include any allegation that the defendants' actions were aimed at influencing the conduct of the seller of the apartment, yet the Supreme Court analyzed the merits of the claim of tortious interference with the contract.
Whether conduct that interferes with a business relationship is improper depends on a variety of factors, which are enumerated in Section 767 of the Restatement (Second) of Torts:
 In determining whether an actor's conduct in intentionally interfering with a contract or a prospective contractual relationship of another is improper or not, consideration is given to the following factors:
(a) the nature of the actor's conduct,
(b) the actor's motive,
(c) the interests of the other with which the actor's conduct interferes,
(d) the interests sought to be advanced by the actor,
 (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
 (f) the proximity or remoteness of the actor's conduct to the interference and
(g) the relations between the parties.
The Connecticut Supreme Court relied on this provision of the Restatement in Blake v. Levy, supra, 191 Conn. 262-63 n. 3. CT Page 10304
Numerous courts have ruled that a refusal to do business with a particular entity, if justified, for example, by a party's own financial interests, may be found not to be actionable even if it causes another party to be injured in its business relations with others. Jones v.O'Connell, supra, 189 Conn. 648; Schulman v. J.P. Morgan, Inv.Management, Inc., 35 F.3d 799, 809 (3d Cir. 1994); Couldock Bohan,Inc. v. Societe Generale Securities Corp, 93 F. Sup.2d 220, 235
(D.Conn. 2000).
In the second count of their counterclaim, the defendants have alleged that the plaintiff acted out of malice in refusing to supply it with paperboard for a known customer. While the plaintiff characterizes this allegation as merely conclusory, the defendants have also pleaded that the plaintiff acted "to try to intimidate Standard into renewing the Letter Agreement." It is a matter of proof under this allegation of fact whether the refusal to sell goods to the defendants was "improper" within the scope of this cause of action, which is derived from the sections of the Restatement (Second) of Torts set forth above.
Assessed under the applicable standard of review, the defendants have stated a cause of action for tortious interference with business relations.
Conclusion
The motion to strike the second count of the defendants' counterclaim is denied.
 Bevery J. Hodgson, Judge of the Superior Court.