[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON BROWN, JACOBSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT/MOTION TO STRIKE COUNT EIGHTEEN OF THE SECOND REVISED AMENDED THIRD PARTY COMPLAINT
On April 1, 2002, the crossclaim defendants Brown Jacobson Jewett Laudone, P.C. n/k/a Brown, Jacobson, Tillinghast, Lane King, P.C., Milton L. Jacobson and Glenn M. Gordon (collectively "Brown, Jacobson") moved for summary judgment on Count Eighteen of the second revised amended complaint filed by third-party plaintiffs Julius Rytman, Dora Rytman and Colchester Egg Farm, Inc. ("Rytmans"). In that count, the Rytmans assert that while Brown, Jacobson had fiduciary duties to the Rytmans, it represented their adversaries, Samuel Kofkoff, Robert Kofkoff, Joseph Fortin and Colchester Foods ("Kofkoff entities"), and CT Page 8341 "advised the [Kofkoff entities] in stripping the Rytmans of their assets." (Count 17, para. 14(n) incorporated into Count 18.) The third party plaintiffs allege that Brown, Jacobson's conduct constituted a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stats. §§ 42-110a et seq.
In their opposition to the motion, the Rytmans assert that the legal sufficiency of Count 18 cannot be raised by a motion for summary judgment because the movants have not demonstrated what the facts are and that the facts entitle them to judgment on this count as a matter of law.
The parties agreed at oral argument that the motion for partial summary judgment should be adjudicated by the court as if it were instead titled "Motion to Strike Eighteenth Count," removing the procedural issue concerning the use of a motion for summary judgment to raise the legal adequacy of a claim.
Standard of review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Vacco v. Microsoft Corp., 260 Conn. 59, 65 (2002); Sherwood v.Danbury Hospital, 252 Conn. 193, 213 (2000); Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-215 (1992); Ferryman v.Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnership v. Windham, 251 Conn. 597, 603, cert. denied, 530 U.S. 1214 (1999); Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378 (1997); Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 520 U.S. 1103
(1990).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff.Vacco v. Microsoft Corp., supra, 260 Conn. 65; Gazo v. Stamford,255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670, 675 (1996);Sassone v. Lepore, 226 Conn. 773, 780 (1993); Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to CT Page 8342 strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
Applicability of CUTPA
In the eighteenth count of their current cross claim, the Rytmans allege that "Milton L Jacobson, Glenn Gordon and Brown, Jacobson engaged in unfair and/or deceptive acts or practices as described in paragraph 10 and 14 of this Count."
Paragraph 10 extends over nine pages. In its numerous subparagraphs, the plaintiffs set forth the course of their transactions with the Kofkoff entities and their allegations that Brown, Jacobson
 1. represented the interests of the Kofkoff entities at the same time as it represented the Rytmans' interest in connection with the foreclosure action brought by Connecticut National Bank against the Rytmans;
 2. represented both the Rytmans and the Kofkoff entities in a transaction involving the Kofkoff entities' purchase of chickens from the Rytmans;
 3. failed to obtain a release from Colchester Foods when the Rytmans turned over the chickens;
 4. represented both the Rytmans and a purchaser when the Rytmans sold property known as the Schwartz Farm to raise cash;
 5. failed to obtain releases from the Kofkoff entities when the Rytmans had a purchaser for the Schwartz Farm.
In paragraph 14 of the Eighteenth Count, the other paragraph alleged to set forth unfair trade practices, the Rytmans allege that Attorneys Gordon and Jacobson and the law firm of Brown, Jacobson "breached that fiduciary duty in one or more of the following ways." They follow this preface with 25 paragraphs alleging that these third party defendant failed to advise them of legal consequences of some transactions, assisted the Kofkoff entities in transactions to the disadvantage of the Rytmans, represented clients whose interests conflicted with the Rytmans, failed to provide appropriate legal advice, failed to pursue claims on their behalf, coerced them to sign an agreement, failed to keep CT Page 8343 them informed, revealed confidential information about them to other clients and opposing counsel, failed to advise them not to sign the mortgage modification agreement, and preferred "one client over the other and advising third party defendants in stripping the Rytmans of their assets."
A party violates CUTPA if it engages in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-116b.
With regard to practitioners of the professions, whether law or medicine, Connecticut's appellate courts have dichotomized the entrepreneurial or business aspect of the provision of services and issues of competence or adequacy of performance, staffing or training.Sherwood v. Danbury Hospital, supra, 252 Conn. 213; Haynes v. Yale-NewHaven Hospital, 243 Conn. 17, 34 (1997). In Haynes, the Supreme Court stated:
 We conclude that professional negligence — that is malpractice — does not fall under CUTPA. Although physicians and other health care providers are subject to CUTPA, only the entrepreneurial or commercial aspects of the profession are covered, just as only the entrepreneurial aspects of the practice of law are covered by CUTPA. . . . The noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded for public policy reasons.
Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 34-35, citingKrawczyk v. Stingle, 208 Conn. 239, 246 (1988); Jackson v. R.G. Whipple,Inc., 225 Conn. 705, 730-31 (1993); see Janusauskas v. Fichman,68 Conn. App. 681 (2002).
In holding CUTPA to be applicable to some aspects of the practice of law in Heslin v. Connecticut Law Clinic of Trantolo Trantolo,190 Conn. 510, 519 (1983), the Connecticut Supreme Court noted that the Federal Trade Commission Act, which is identified in CUTPA as a source of guidance, had been held to apply to sending of a dunning letter by an attorney on behalf of a debt collection agency. In Beverly HillsConcepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 79
(1998), the court again applied to attorneys the same dichotomy it applied to medical professionals in Haynes: "we conclude that professional negligence — that is, malpractice — does not fall under CUTPA." In Beverly Hills Concepts, the conduct that was claimed to violate CUTPA was the law firm's failure to advise the plaintiff that it CT Page 8344 could not sell fitness club franchises unless it registered with the state banking commissioner or completed the proper federal registration. The plaintiff did not allege that the law firm in that case had acted in order to further its own financial interests. Under those circumstances, the court applied Haynes, ruling that the claim was a malpractice claim not actionable under CUTPA.
The gravamen of the Rytmans' allegations in paragraph 10 is that Brown, Jacobson committed malpractice. The gravamen of the Rytmans' allegations in paragraph 14, taken together and culminating in paragraph 14(n), is that the law firm failed to protect their interests because of the interests of other clients from whom the law firm derived fees.
In Haynes v. Yale-New Haven, supra, 243 Conn. 17, the plaintiff alleged that the hospital failed to staff its trauma facility and train its personnel adequately. Such claims imply that the hospital had a business reason for cutting costs even at the cost of eroding the quality of care. The court did not find that malpractice was actionable under CUTPA if the malpractice proceeded from business or entrepreneurial motivations; rather, it held that since the standard of care and quality of the services provided was the issue, CUTPA was inapplicable and that the trial court had properly entered summary judgment against the plaintiff as to the CUTPA claim. The Supreme Court cited with approval inHaynes a federal appellate decision based on the unfair trade practices statute of the State of Washington, which equated "entrepreneurial aspects of practice" as meaning such matters as "the solicitation of business and billing practices." Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 35, citing Ikuno v. Yip, 912 F.2d 306, 312 (9th Cir. 1990).
The Rytmans assert that the motion should not be granted because they have alleged not malpractice but breach of fiduciary duties as the unfair trade practice. This attempt to avoid Haynes is unavailing. Brown, Jacobson's fiduciary duties arose from their role as legal counsel. Though the Rytmans also plead that Milton Jacobson was a trusted friend, the conduct that they allege violated CUTPA is, throughout, the provision of legal services, not any separate kind of task that he undertook in his role as a friend. The Haynes decision makes clear that CUTPA does not apply to issues concerning the quality of professional services: "The noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded [from coverage by CUTPA] for public policy reasons." Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 35.
The Rytmans allege deficiencies in Brown, Jacobson's representation of them, a subject that is not within the scope of the Connecticut Unfair CT Page 8345 Trade Practices Act.
Conclusion
For the foregoing reasons, the motion to strike Count Eighteen is granted.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court